IN COURT OF COMMON PLEAS
ERIE COUNTY, OHIO

| | |
|---|---|
| U.S. Bank National Association, as Trustee : | Case No.: 2008cv0457 |
| for HEAT 2005-9 c/o Wells Fargo Bank, N.A. : | |
| Plaintiff, : | Judge Roger E. Binette |
| v. : | **FIRST AMENDED ANSWER AND** |
| | **COUNTERCLAIMS WITH CLASS** |
| James M. Adams, et al. : | **ACTION ALLEGATIONS** |
| Defendant & Counterclaim Plaintiff, : | |
| v. : | **Jury Demand Endorsed Hereon** |
| Intervale Mortgage Corporation : | |
| and : | |
| America's Servicing Company, Fictitious : | |
| name for Wells Fargo Home Mortgage, Inc. | |
| nka Wells Fargo Bank, NA : | |
| c/o Csc-Lawyers Incorporating Service, | |
| Statutory Agent : | |
| 50 W. Broad Street | |
| Columbus OH 43215 | |
| and : | |
| Lerner, Sampson & Rothfuss : | |
| *c/o Statutory Agent* | |
| Richard M. Rothfuss : | |
| 120 E. Fourth Street- 8th Floor | |
| Cincinnati Ohio 45202 : | |
| Third-Party Defendants. : | |

**EXHIBIT**

**B**

## FIRST AMENDED ANSWER to
## PLAINTIFF U.S. BANK'S COMPLAINT

Now comes Defendant James M. Adams ("Adams") and for his amended answer in response to Plaintiff's Complaint:

### COUNT ONE

1.     Defendant Adams generally and specifically denies allegations of paragraph 1.

### COUNT TWO

2.     Defendant Adams admits a mortgage was given to secure the note, but specifically and generally denies the remaining allegations of paragraph 2.

3.     Defendant Adams admits a mortgage was filed with the Erie County Recorder, but generally and specifically denies remaining allegations of paragraph 3.

4.     Defendant Adams does not have information to admit or deny and therefore, denies allegations of paragraph 4.

5.     Defendant Adams does not have information to admit or deny and therefore, denies allegations of paragraph 5.

6.     Defendant Adams does not have information to admit or deny and therefore, denies allegations of paragraph 6.

7.     Defendant Adams does not have information to admit or deny and therefore, denies allegations of paragraph 7.

8.     Defendant Adams ADMITS allegations of paragraph 8.

### AFFIRMATIVE DEFENSE I

9.      Plaintiff does have standing to bring this claim.

### AFFIRMATIVE DEFENSE II

10.     Any assignment of the note and mortgage is invalid because the assignment was not

recorded as required by the Ohio Revised Code.

### AFFIRMATIVE DEFENSE III

11.     Plaintiff is guilty of having unclean hands.

### AFFIRMATIVE DEFENSE IV

12.     Plaintiff is equitably estopped from foreclosing on the subject property.

### AFFIRMATIVE DEFENSE V

13.     The mortgage was rescinded in accord with Truth in Lending Act 15 U.S.C. §1635.

### AFFIRMATIVE DEFENSE VI

14.     The Plaintiff failed to state a claim upon which relief can be granted.


## COUNTERCLAIMS
## with CLASS ALLEGATIONS

15.     Now comes Defendant and Counterclaim Plaintiff James M. Adams (hereinafter

"Defendant Adams") and makes the allegations contained herein based upon knowledge as to his

own acts and upon information and belief, acting on his own behalf and on behalf of four Sub-

classes of persons defined below in paragraph 16 (hereinafter "Class members"), and states as

follows for his cause of action:

16.     This is a class action seeking redress for damages suffered by Defendant Adams and

members of the Class resulting from the systematic violations of the Fair Debt Collection

Practices Act committed by Plaintiff U.S. Bank (U.S. Bank") and Additional Counterclaim Defendants America's Servicing Company ("ASC") and Lerner Sampson& Rothfuss ("LSR") by failing to give validation notices on first contact and by continuing to contact and harass members of the class after being directed to cease and desist contacts. This action is brought against ASC and LSR for damages under the Fair Debt Collection Practices Act (FDCPA) for false statements systemically made that debtors were obligated to pay attorney fees that were in fact not for attorney fees but actually hidden finance charges. This action is also brought under the Truth in Lending Act (TILA) for the systemic failure of the Plaintiff U.S. Bank and it's predecessors to properly provide borrowers on a refinance mortgage of their right to cancel a full three days following the closing of the business loan.

17.        This action is brought on behalf of the following Consumer/debtor Class members:

CLASS A:        Consumer/debtors who refinanced their home loans with closing on or after June 13, 2005 where U.S. Bank claims to be the note owner and were provided a notice of the right to cancel stating that the right to cancel must be exercised by midnight of the third day after closing. (**Exhibit 1** attached Exemplar)

CLASS B:        Consumer/debtors with mortgage loan accounts where U.S. Bank claims to be the trustee of the note and had declared the loan to be in default at the time U.S. Bank became the trustee of the note and who did not receive from U.S. Bank the required debt validation notice.

CLASS C:        Consumer/debtors who had directed U.S. Bank and/or ASC to cease and desist from contacting the consumer/debtor, and where U.S. Bank became the owner of the note after declaring the loan in default.

CLASS D:        Consumer/debtors who were declared in default prior to U.S. Bank loan transfer, since November 1, 2007, U.S. Bank and/or ASC and/or LSR had charged or attempted to charge fees labeled as expenses in addition to monthly payments to reinstate the mortgage loan or to bring the loan current after the consumer/debtor had been declared in default.

## PARTIES

18.     Plaintiff U.S. Bank National Association, as Trustee for HEAT 2005-9 c/o Wells Fargo N.A. ("U.S. Bank") is a corporation with its principal place of business located at U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402. U.S. Bank claims to be the current owner of the note and mortgage on Defendant Adams' home.

19.     Defendant and Counterclaim Plaintiff James M. Adams ("Adams" or "Defendant") is a consumer/debtor as defined by the Truth In Lending Act and the Fair Debt Collection Practices Act at all times relevant to these claims. Adams resides in Erie County at 10203 River Road, Huron, Ohio 44839.

20.     Additional Counterclaim Defendant Intervale Mortgage Corporation ("Intervale Mortgage") was the originating lender of the Adams loan and mortgage which is attached to the Plaintiff's complaint as Exhibit A and B. Intervale Mortgage failed to answer Adams' complaint against it and a default judgment has been entered against it.

21.     Additional Counterclaim Defendant America's Servicing Company ("ASC") is a mortgage servicing subsidiary corporation of Wells Fargo Home Mortgage, Inc. (nka Wells Fargo Bank, NA) with their principal place of business located at P.O. Box 10328, Des Moines, IA 50306. ASC is the current servicer of Adams' loan. ASC began servicing the loan after the loan was in default and is therefore a third-party debt collector as defined by the Fair Debt Collection Practices Act.

22.     Additional Counterclaim Defendant Lerner Sampson & Rothfuss ("LSR") is an Ohio debt collection law firm and its headquarters is located at 120 East Fourth Street, Suite 800 Cincinnati, OH 45202. LSR was engaged by ASC to take collection action against Defendant

Adams on a loan that had been declared in default as a part of their regular business activity.

LSR is a third-party debt collector as defined by the Fair Debt Collection Practices Act.

## CLASS ALLEGATIONS

23.     On behalf of himself and members of the Class, Defendant Adams seeks, among other

remedies, injunctive relief, equitable relief, statutory damages and compensatory damages for the

unlawful practices perpetrated by Plaintiff U.S. Bank.

24.     Defendant Adams brings this class action, pursuant to Ohio.R.Civ.P. 23, on behalf of

himself and all others similarly situated, with the members of the four Sub-Classes A, B, C and

D defined in paragraph 17 above.

25.     The members of the Class are so numerous that joinder would be impracticable.

Defendant Adams estimates that there are tens of thousands of Class members.

26.     The identity of each Class member can be obtained by:

CLASS A.     Consumer/debtors who refinanced their home loans with closing on or after June 13, 2005 where U.S. Bank claims to be the note owner and were provided a notice of the right to cancel stating that the right to cancel must be exercised by midnight of the third day after closing. **(Exhibit 1** attached Exemplar)

CLASS B.     Consumer/debtors with mortgage loan accounts where U.S. Bank claims to be the trustee of the note and had declared the loan to be in default at the time U.S. Bank became the trustee of the note and who did not receive from U.S. Bank the required debt validation notice.

CLASS C.     Consumer/debtors who had directed U.S. Bank and/or ASC to cease and desist from contacting the consumer/debtor, and where U.S. Bank became the owner of the note after declaring the loan in default.

CLASS D.     Consumer/debtors who were declared in default prior to U.S. Bank loan transfer, since November 1, 2007, U.S. Bank and/or ASC and/or LSR had charged or attempted to charge fees labeled as expenses in addition to monthly payments to reinstate the mortgage loan or to bring the loan current after the consumer/debtor had been declared in default.

27.     The claims of Defendant Adams and the members of the Class raise common questions of law and fact that predominate over any questions affecting only individual Class members, including:

i.      Did U.S. Bank and ASC violate TILA § 226.23(a)(3) by failing to give a properly dated notice of right to cancel on refinanced mortgage transactions?

ii.     Does U.S. Bank routinely accept assignments of refinanced mortgages when the date on the notice of right to cancel is midnight of the second day following the transaction – thus, the beginning of the third day, giving the borrower less than three days to cancel the transaction?  See **Exhibit 1** attached exemplar.

iii.    Did U.S. Bank and ASC violate FDCPA §809 (a)(3) by failing to provide a validation notice on first contact with the Consumer/debtor after U.S. Bank had declared the loan in default and taken assignment of the loan?

iv.     Did U.S. Bank and ASC have a systematic program to contact Consumer/debtors at the time of assignment even when told to cease and desist by the Consumer/debtor and when the loan had been declared in default by U.S. Bank?

v.      Did U.S. Bank and ASC continue to contact Consumer/debtors after being told to cease and desist by the Consumer/debtor and when the contacts were post the note assignment and the declaration of the mortgage loan being in default?

vi.     Did the Additional Counterclaim Defendant LSR conspire with the Plaintiff to claim an amount of attorney fees and other expenses that was inflated and falsely claimed to be related to the foreclosure action?

vii.    Is Additional Counterclaim Defendant LSR a debt collector as defined in the Fair Debt Collection Practices Act?

viii.   Did Additional Counterclaim Defendant LSR use the US Mail and telephone services in the above described debt collection activity?

ix.  Did Plaintiff charge more than it paid LSR for attorney fees and other expenses they claim to be related to the foreclosure?

x.  Does Additional Counterclaim Defendant LSR regularly attempt to collect debts from delinquent consumers?

xi.  Did Additional Counterclaim Defendant LSR misrepresent the character, amount and legal obligation it was attempting to collect and thus violate the Fair Debt Collection Practices Act?

28.  The conduct of Plaintiff U.S. Bank and ASC and LSR in relation to each of the members of the Class was virtually identical.

29.  The claims of Defendant Adams are typical of the claims of members of the Class.

30.  Defendant Adams will fairly and adequately represent the interests of the members of the Class.

31.  Adams' interests in this case are identical to the absent class members.

32.  Adams' interests are aligned with the interests of the absent class members.

33.  Adams' will put the interests of the Class equal to or above his own.

34.  Each member of the Class has been declared in default.

35.  Each member of the Class is at risk of foreclosure.

36.  Both the Defendant Adams and his counsel meet the adequacy requirement.

37.  Defendant Adams is not antagonistic to the other members of the Class and is, in fact, similarly situated with respect to Defendants. The interests of Defendant Adams in this matter are identical to those of the members of the Class.

38.  Defendant Adams's legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions. Their counsel's

ability to skillfully litigate cases such as the present case is well-documented.[1] Defendant Adams's counsel has dedicated and will continue to dedicate high levels of legal skill and devotion to the vigorous prosecution of this class action litigation.

39.     A class action is a superior method to other methods of resolution.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40.     The expense and burden of individual litigation are impediments to individual members of the Class seeking redress for the wrongful conduct alleged.

41.     Further, prosecution of separate actions against Plaintiff U.S. Bank and ASC and LSR would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct regarding medical provider's duty to submit claims to a health insurance corporation

42.     The current action is maintainable under both the Ohio Rules of Civil Procedure 23(B)(1)(a) and Rule 23(B)(3) standards.

43.     The class action is maintainable under Ohio Rules of Civil Procedure 23(B)(2) because Plaintiff U.S. Bank and Additional Counterclaim Defendants ASC and LSR used a common scheme to avoid its statutory and contractual duties to Defendant Class.

44.     If each individual member of the Class was required to bring a separate action, there is a substantial risk that the numerous outcomes may establish incompatible standards.

45.     This action is maintainable under the Ohio Rules of Civil Procedure 23(B)(3) because a question of law or fact predominates over any question affecting only individual members and that a class action is the superior method to other mechanisms available.

---

[1] With regard to Murray and Murray see, e.g., *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, (1988); *Cope v. Metro. Life Ins. Co.*, 82 Ohio St.3d 426, 696 N.E.2d 1001.

46.　　　This action involves almost exclusively identical issues among the members of the Class.

47.　　　The questions of law and fact arise out the standard conduct of Plaintiff U.S. Bank and Additional Counterclaim Defendants ASC and LSR. Individual issues that may arise are limited to those with respect to damages.

48.　　　A class action is the superior method to the alternatives: such as joinder, a test case and administrative proceedings. The large number of Class members makes joinder impracticable. Litigation is too costly for individuals to each bring an individual claim due to the relatively small claim per member of the class. The test case is not a superior method because Defendants would likely settle individual claims to prevent adjudication of liability and a test case scenario would likely require follow-up litigation, which would be avoided by a class action.

49.　　　Defendant Adams knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Furthermore, by way of a class action, the Court can determine the rights of all members of the Class with judicial economy.

## FACTUAL ALLEGATIONS

50.　　　The mortgage instrument and promissory note executed on August 3, 2005 designates Intervale Mortgage as the Lender.

51.　　　On or about June 13, 2008, a mortgage foreclosure action was commenced by Plaintiff U.S. Bank against Defendant James Adams in this Court.

52.     In the complaint, Plaintiff U.S. Bank claimed it was the owner of the mortgage. However, no evidence of the assignment from Intervale Mortgage to the Plaintiff U.S. Bank has been produced nor has the assignment been recorded.

53.     There is no evidence that the note has been properly negotiated to the Plaintiff, nor is there evidence that the Plaintiff is the current holder of the note.

54.     At the time of the claimed assignment from Intervale Mortgage to Plaintiff U.S. Bank, Defendant Adams was in default under the terms of the note.

55.     Accordingly, at all relevant times, Plaintiff U.S. Bank is a third-party debt collector and therefore, subject to the requirements of the Fair Debt Collection Practices Act, 16 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

56.     Plaintiff U.S. Bank selected and contracted with Additional Counterclaim Defendant ASC to act as loan servicer after Adams was declared in default and collection agent and therefore, ASC is a third-party debt collector and subject to the requirements of the Fair Debt Collection Practices Act, 16 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

57.     U.S. Bank and ASC contracted with LSR to collect a debt from Adams.

58.     LSR is a debt collection law firm who is in the business of collecting mortgage debts.

59.     LSR send misleading and deceptive communication to Admas in the casue of attempting to collect a debt.

60.     LSR knew that the amount claims due and owning were not actually recoverable.

61.     LSR knew its communications mislead  the borrower as to the amount owed and the amount recoverable.

62.    LSR did not commit a bona fide error when it misled Adams and other members of the Class.

63.    The letters send by LSR are form letters sent to all member of the Class.

64.    The amounts to the communicated borrower are based on a standardized formula.

65.    Plaintiff U.S. Bank and ASC and LSR have violated the FDCPA by attempting to collect debt without providing the required validation notice.

66.    Plaintiff U.S. Bank and ASC and LSR have violated the FDCPA by attempting to collect debt that included false representations about the amount of attorney fees and other expenses that the Defendant was responsible to pay to reinstate or bring the loan current.

67.    Plaintiff U.S. Bank and ASC and LSR have violated the FDCPA continuously calling the Defendant after being instructed by the Defendant to cease and desist and after Plaintiff and ASC and LSR knew Defendant Adams was represented by counsel.  The date and time of some of the calls are :

| | |
|---|---|
| 7-15-08 | ASC called mid morning |
| 7-18-08 | ASC called at 1:30 pm |
| 7-21-08 | ASC called and a woman showed up at 3 p.m. and stated she wanted pictures of the house for ASC Mortgage so they could put the house on the market. |
| 7-28-08 | ASC called at 2:35 p.m. |
| 8-8-08 | ASC called at 1:45 p.m. wanted Adams to call it was very urgent, he called. |
| 8-15-08 | ASC called 3:30 p.m. |
| 8-19-08 | ASC called 1:15 p.m. |
| 8-25-08 | ASC called |

9-10-08          ASC called 3:06 p.m.

9-16-08          ASC called 2:00 p.m.

## COUNT I
## VALIDATION NOTICE
## 15 USC 1692(g) FDCPA
## AGAINST U.S. BANK AND ASC
## ON BEHALF OF THE DEFINED CLASSES

68.      The Defendant and the members of the Class repeat and re-allege the allegations contained in the paragraphs above as if fully set forth herein.

69.      The Plaintiff US Bank and ASC regularly attempts to collect debts alleged to be due to another.  Defendants are "debt collectors" as defined by FDCPA, 15 U.S.C. §1691(a)(6).

70.      The Plaintiff US Bank and ASC attempted to collect an alleged debt on behalf of an unknown party from the Plaintiffs and the Class.

71.      Adams received multiple correspondence from the Plaintiff US Bank and ASC, each lacking the required validation notice of 15 USC §1692(g).

72.      FDCPA mandates that a debt collector send the consumer a written notice containing the amount of the debt; the name of the creditor to whom the debt is owed; a statement that the consumer must dispute the validity of the debt within 30 days; a statement that upon receipt of written notification that the debt is disputed, the debt collector will obtain verification of the debt; and, a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor.  This written notice must be given within 5 days after the initial communication of a debt collector with a consumer.  The Plaintiff US Bank and ASC have violated each of these mandates.

13

73.     The notice of rights to a consumer is mandated by 15 U.S.C. §1692g and must be provided in writing within 5 days of an initial communication by the debt collector with the consumer. The Plaintiff US Bank and ASC did not provide the mandated notice within five days of its initial communication with Adams and the members of the Class.

74.     A violation of 15 U.S.C. §1692g is a strict liability offense.

75.     As a result of the Plaintiff US Bank and ASC's failure to comply with 15 U.S.C. §1692g, Adams and the members of the Class are entitled to actual and statutory damages.

## COUNT II
## FALSE FEE COLLECTION
## 15 USC 1692(e) FDCPA
## AGAINST U.S. BANK AND ASC
## ON BEHALF OF THE DEFINED CLASSES

76.     The Defendant and the members of the Class repeat and re-allege the allegations contained in the paragraphs above as if fully set forth herein.

77.     The Plaintiff US Bank and ASC made false representations in the correspondence with Adams and members of the Class attempting to collect the data regarding the amount of the debt. **Exhibit 2.**

78.     The Plaintiff US Bank and ASC included excessive and unlawful fees in the correspondence to Adams and members of the Class in their attempts to collect a debt.

79.     The Plaintiff US Bank and ASC made false representations about the amount of debt owed by Adams and members of the Class by including fees not owed to them and/or by miscalculating the payments made by Adams and the members of the Class.

80.     As a direct and proximate result of the Plaintiff US Bank and ASC's violations of the FDCPA, Adams and the members of the Class suffered and are owed actual and statutory damages.

## COUNT III
## VIOLATIONS OF TILA
## AGAINST PLAINTIFF US BANK
## ON BEHALF OF THE DEFINED CLASSES

81.     The Defendant and the members of the Class repeat and re-allege the allegations contained in the paragraphs above as if fully set forth herein.

82.     Plaintiff U.S. Bank claims to be assignee of a promissory note and mortgage interest in real estate that is the subject of this foreclosure action.

83.     The transaction that is the subject of this foreclosure action was a consumer loan subject to the disclosure requirements of TILA, 15 USC 1601 et seq.

84.     Plaintiff and its predecessor in interest failed to provide Defendant Adams a properly dated notice of right to cancel which is a violation of 1516.01 et seq. See **Exhibit 1** attached- (effect apparent, only 2 days' notice).

**85.**     Defendant Adams exercised his right to rescind in a letter dated June 10, 2008. **Exhibit 3.**

86.     The Truth in Lending Act disclosure form also failed to accurately calculate the Defendant Adams's interest rate in part because Defendant was charged fees at closing that were not bona fide expenses of closing and thus, were undisclosed finance charges.

15

87.     ASC as the servicer and agent of U.S. Bank wrongfully rejected the notice of recession in a letter to Defendant Adams attorneys on July 31, 2008. **Exhibit 4.**

88.     Defendant Adams reaffirms and restates his rescission of the underlying mortgage.

89.     Defendant Adams is prepared and awaits an opportunity to arrange payment of the loan's outstanding balance less all fees and costs of closing and any interest paid attributable to those costs.

## COUNT IV
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
## AGAINST LERNER, SAMPSON & ROTHFUS
## ON BEHALF OF THE ABOVE DEFINED CLASS

90.     Defendant Adams repeats and incorporates by reference the foregoing paragraphs.

91.     Defendant Adams is an individual and consumer as defined under the Fair Debt Collection Practices Act hereafter FDCPA, 15 U.S.C. §1692 et seq.

92.     Additional Counterclaim Defendant LSR is a legal professional association engaged in the business of collecting debt in this state.

93.     Additional Counterclaim Defendant LSR used the U.S. Mail and telephones in its collection efforts.

94.     Additional Counterclaim Defendant LSR regularly attempt to collect consumer debts alleged to be owed to another person or entity.

95.     Additional Counterclaim Defendant LSR are debt collectors as defined by the FDCPA, 15 U.S.C. §1692 a (6).

96.     Additional Counterclaim Defendant LSR misrepresented and mischaracterized the debt they were trying to collect as lawfully including charges for attorney fees and expenses that in fact were not due or payable by Defendant Adams.

97.    Additional Counterclaim Defendant LSR conspired with the Plaintiff and ASC to exaggerate fees and expenses claimed as costs which were not costs and/or expenses but were a mechanism charge hidden additional finance charges where the loan was claimed to be in default. Attached as **Exhibit 5** is a letter claiming an amount in excess of what is owed under the note from the Third-Party Defendant LSR to the Defendant.

98.    Thus, LSR has committed multiple violations of the FDCPA and those violations have caused Defendant Adams to lose sleep, fear and anxiety, interference with appetite and ability to enjoy life's daily activity.  Defendant also suffered physical discomfort as a result of LSR's illegal collection efforts.

## COUNT V
## ACCOUNTING AGAINST
## U.S. BANK AND ASC INDIVIDUALLY

1.    Defendants repeat and incorporate by reference the foregoing paragraphs.

2.    ASC has demanded from defendant Adams amounts in excess of those permitted under the promissory note, mortgage instrument, and federal and state law; has issued inconsistent billing statements; and has made errors in crediting the amounts paid.

3.    Because the information and documents from which the precise amounts of these overcharges and misallocated payments can be ascertained are within the sole control of ASC and plaintiff U.S. Bank, third-party plaintiffs are entitle to an accounting and determination by the court of the amounts overcharged and misallocated.

## COUNT VI
### INTERVALE MORTGAGE CORPORATION INDIVIDUALLY

99.     Plaintiff claims to be assignee of a promissory note and mortgage interest in real estate that is the subject of this foreclosure action.

100.    The transaction that is the subject of this foreclosure action was a consumer loan subject to the disclosure requirements of TILA.

101.    Plaintiff and its predecessor in interest failed to provide Defendant James M. Adams a properly dated notice of rescission which is a violation of 1516.01 *et seq*.

102.    Defendant James M. Adams exercised his right to rescind in a letter dated June 10, 2008.

103.    The Truth in Lending Act disclosure form also failed to accurately calculate the Defendant's interest rate in part because Defendant was charged at closing fees that were not bona fide expenses of closing and thus, were undisclosed finance charges.

104.    Defendant reaffirms and restates his rescission of the underlying mortgage.

105.    Defendant is prepared and awaits an opportunity to arrange payment of the loan's outstanding balance less all fees and costs of closing and any interest paid attributable to those costs.

**WHEREFORE**, Defendant Adams prays for judgment against Plaintiff U.S. Bank, ASC and LSR, jointly and severally, and for an award of compensatory and statutory damages, attorney fees and costs and for an order for Plaintiff U.S. Bank and ASC and LSR to cease and desist its unlawful conduct.  Defendant Adams prays for judgment against Plaintiff and Counterclaim Defendant U.S. Bank and Additional Counterclaim Defendants ASC and LSR and for:

(1) an order certifying a Class;

(2) an award of statutory and compensatory damages;

(3) an award of punitive damages and such further relief as the court deems fair and equitable;

(4) an order requiring Defendants to comply with R.C. §1751.60.

(5) Plaintiff's complaint to be dismissed at Plaintiff's cost;

(6) A judicial confirmation of the mortgage rescission;

(7) An award of compensatory and statutory damages in excess of $25,000;

(8) A declaration and order requiring the Plaintiff U.S. Bank and ASC to notify members of the class who did not have a properly dated notice of the right to cancel that they still indeed do have a right to cancel and rescind the mortgage; and

(9) An award of attorney fees and costs.

Respectfully submitted,

Leslie O. Murray (0081496)
lom@murrayandmurray.com
Direct: (419) 624-3010
John T. Murray (0008793)
jotm@murrayandmurray.com
Direct: (419) 624-3125
**MURRAY & MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio 44870-2517
Telephone: (419) 624-3000
Facsimile: (419) 624-0707
*Attorneys for Defendant/Third-Party Plaintiff Adams*

## JURY DEMAND

Defendant Adams hereby demands trial by jury on all issues so triable.

John T. Murray (0008793)
Leslie O. Murray (0081496)
**MURRAY & MURRAY CO., L.P.A.**

## REQUEST FOR SERVICE

Defendant Adams requests service on the following by **Certified Mail**:

Rick DeBlasis
Lerner Sampson & Rothfuss
P O Box 5480
Cincinnati Ohio 45201-5480

Mortgage Electronic Registration Systems, Inc.
P O Box 7814
Ocala FL 34478-7814

CitiBank South Dakota, N.A.
701 E. 60th St North
Sioux Falls, SD 57104

America's Servicing Company
c/o Csc-Lawyers Incorporating Service,
Statutory Agent
50 W. Broad Street
Columbus OH 43215

Chase Bank USA
3700 Wiseman Blvd
San Antonio TX 78251

Leslie O. Murray (0081496)
John T. Murray (0008793)
**MURRAY & MURRAY CO., L.P.A.**

## CERTIFICATION OF SERVICE

A copy of the foregoing has been forwarded by regular U.S. mail this _1st_ day of March, 2010 addressed as follows:


Rick DeBlasis
Cynthia Fischer
April A. Brown
Lerner Sampson & Rothfuss
P O Box 5480
Cincinnati Ohio 45201-5480
    *Attorneys for Lerner Sampson & Rothfuss*

Trevor Hayberger
Prosecuting Attorney of Erie County
247 Columbus Ave., Suite 319
Sandusky, Ohio  44089
    *Attorney for Erie County Treasurer*

Chad D. Cooper
Scott King
Thompson Hine LLP
2000 Courthouse Plaza
N.E. 10 W. Second Street
Dayton, Ohio 45402
    *Attorneys for U.S. Bank*

John Winship Read
Marcel Duhamel
Elizabeth  Ratliff
Vorys, Sater, Seymour & Pease, LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114-1724
    *Attorney for Interval*

Leslie O. Murray (Reg 0081496)
John T. Murray (0008793)
**MURRAY & MURRAY CO., L.P.A.**
*Attorneys for Defendant/Third-Party Plaintiff Adams*



Return Mail Operations
P.O. Box 10388
Des Moines, IA 50306-0388

AMERICA'S SERVICING COMPANY

October 13, 2008

078056 1 AT 0.346    6056/078056/011830 255 02 AC028R LC065 106

James M Adams
C/o John T Murray
Murray & Murray Co., Lpa
111 E Shoreline Dr
Sandusky OH  44870-2517

Due Date: 02-08-08
Loan Number 106-1205207324

Thank you for contacting us regarding your financial hardship on the loan
mentioned above. Our goal is simple. We want to ensure that you have
every opportunity to retain your home. Based on our telephone
conversation and the financial information you provided, we would like to
offer you a Special Forbearance Plan.

Currently, your loan is due for 9 installments, from February 08, 2008
through October 01, 2008. As agreed, you have promised to pay the
amounts shown below by the dates indicated. Also enclosed are the terms
and conditions of this forbearance. Please sign the enclosed agreement
and return it with the first installment. This is not a waiver of the
accrued or future payments that become due, but a period for you to
determine how you will be able to resolve your financial hardship. Any
payments received will be applied to the delinquent payments on the loan.
During this Special Forbearance Agreement, payments are to be mailed to:
          America's Servicing Company
          MAC X7801-03K
          3476 Stateview Blvd
          Fort Mill  SC  29715

We will instruct our foreclosure counsel to suspend foreclosure
proceedings once the initial payment has been received, and to continue
to suspend the action as long as you keep to the terms of the Agreement.
Upon full reinstatement, we will instruct our foreclosure counsel to
dismiss foreclosure proceedings and report to credit bureaus accordingly.

During this period, we are requesting that you maintain contact with our
office in order to establish acceptable arrangements for bringing your
loan current. If you need additional assistance, please call us at
(800) 662-3806, Monday through Thursday, 8 AM to 11 PM; Friday, 8 AM to
to 10 PM; or Saturday, 9 AM to 3 PM, Eastern Time.

                              LC065 006 P4T

We are required by the Fair Debt Collection Practices Act to inform you
that if your loan is currently delinquent or in default, as your loan
servicer, we will be attempting to collect a debt, and any information
obtained will be used for that purpose. However, if you have received a
discharge, and the loan was not reaffirmed in the bankruptcy case, we
will only exercise our right as against the property and are not
attempting any act to collect the discharge debt from you personally.

EXHIBIT

1

tabbies

SPECIAL FORBEAR.    AGREEMENT - TERMS AND CONDIT

1. Currently, your loan is due for 9 installments, from February 08, 2008 through October 01, 2008. The indebtedness of the referenced loan is in default and in consideration of extending forbearance for a period of time, it is necessary that you indicate your understanding and acceptance of the terms of the forbearance agreement by immediately signing and returning this agreement.

2. Payments must be made strictly in accordance with the enclosed payment schedule and forbearance agreement conditions. This plan is an agreement to temporarily accept reduced payments or maintain regular monthly payments during the plan specified below. Upon successful completion of the payments outlined in this plan, your loan will be reviewed for a Loan Modification. Based on investor approval, this may satisfy the remaining past due amount on your loan.

3. The lender is under no obligation to enter into any further agreement, and this forbearance shall not constitute a waiver of the lender's right to insist upon strict performance in the future.

4. All of the provisions of the note and security instrument, except as herein provided, shall remain in full force and effect. Any breach of any provision of this agreement or non-compliance with this agreement, shall render the forbearance null and void, and at the option of the lender without further notice to you may terminate this agreement. The lender, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to this agreement. In the event of foreclosure, you may incur additional expenses of attorney's fees and foreclosure costs.

5. Each payment must be remitted according to the schedule below.

| PLAN | DATE | AMT | PLAN | DATE | AMT |
|------|------|-----|------|------|-----|
| 01 | 10/28/08 | 1,069.71 | 02 | 11/28/08 | 1,069.71 |
| 03 | 12/28/08 | 1,069.71 | 04 | 01/28/09 | 9,787.78 |

6. There is no "grace period" allowance in this agreement. All payments must be received on or before the agreed due date. If any payment is not received on or before the due date, the agreement will be void and the total delinquency, including fees, will be due immediately.

7. The total amount indicated on each payment of the payment schedule must be remitted. In the event the total amount due of each payment is not received, the Special Forbearance agreement will be rendered null and void.

By signing this Agreement I hereby consent to being contacted concerning this loan at any cellular or mobile telephone number I may have. This includes text messages, at no cost to me, and telephone calls including the use of automated dialing systems to contact my cellular or mobile telephone.

Mortgagor            Date            Co-mortgagor            Date

Loan Number 106/1205207324

June 10, 2008

CERTIFIED MAIL
U.S. Bank National Association as
    Trustee for HEAT 2005-9
c/o Wells Fargo Bank NA
347 Stateview Blvd
Fort Mill SC 29715

In Re:  real estate 10203 River Road, Huron OH 44839
Loan no. 1205207324

Dear U.S. Bank National Association:

I have determined that you have violated the Federal Trust & Lending law by failing to provide an accurately dated notice of right to cancel.  Therefore, you are on notice that the mortgage interest you claim is hereby rescinded.

Further that I am represented by legal counsel, Attorney John T. Murray of Murray & Murray, 111 E. Shoreline Drive, Sandusky OH 44870, phone 419 624 3125 (direct) and jotm@murrayandmurray.com.  Please contact my counsel to discuss working out an equitable payment for the outstanding principal of the mortgage less any and all fees and costs that were added to my mortgage balance.

Very truly yours,

James M Adams

James M. Adams
10203 River Road
Huron OH 44839

cc:  April A. Brown, Lerner, Sampson & Rothfuss (LS&R no. 200823933)

EXHIBIT

2



PO Box 10328
Des Moines, IA 50306-0328


July 31, 2008


John T Murray
Law office of Murray & Murray Co., LPA
111 E Shoreline Dr
Sandusky, OH 44870


Dear John T Murray:

RE:    Loan Number  106- 1205207324
       Borrower(s)   James M Adams

In your correspondence dated June 10, 2008, you alleged the above-referenced loan contained violations to the Truth in Lending Act (TILA) and made a demand for rescission.

As advised in our response dated June 30, 2008, Wells Fargo Bank, N.A., doing business as America's Servicing Company (ASC), is the servicer of the loan and not the originating lender. Wells Fargo has conferred with the responsible parties.  Your demand for rescission has been denied.

ASC considers this matter closed.  If you have any other questions concerning your loan, please contact our Customer Relations Department at 800-842-7654.  A representative will be able to assist you between the hours of 8 a.m. and 6 p.m., in your time zone, Monday through Friday.

Sincerely,

Peter Cahill
ASC Written Correspondence

EXHIBIT

3



# LERNER SAMPSON & ROTHFUSS

## A LEGAL PROFESSIONAL ASSOCIATION

120 East Fourth Street, 8th Floor - Cincinnati, OH 45202-4007
Phone (513) 241-3100 - Fax (513) 241-4094

May 15, 2008

James M. Adams
10203 River Road
Huron, OH 44839

IN RE:   The Mortgage Loan on: 10203 River Road
                                 Huron, OH 44839
LS&R No.:                        200823933
Loan No.:                        1205207324

Dear Sir:

The law firm of Lerner, Sampson & Rothfuss has been retained by Wells Fargo Bank, N.A. agent for U.S. Bank National Association, as Trustee for HEAT 2005-9, to represent its interest concerning the above listed mortgage loan. According to the terms of the promissory note and mortgage, our client has accelerated all sums due, which means that the entire principal balance and all other sums recoverable under the promissory note and mortgage are now owing. As of May 8, 2008, there is due to our client $114,175.54. This amount is made up of your principal balance, interest, late charges, and may include amounts expended by the creditor, such as for taxes and insurance. Because many of these items vary from day to day, the amount due on the day you pay may be greater. Therefore, if you wish to receive figures to reinstate (bring the loan current) or pay off the loan through a specific date, please call our office at 800-837-3131 ext 3333.

## NOTICE

The Fair Debt Collection Practices Act requires that Lerner, Sampson & Rothfuss provide you with the following information.  The amount of the debt is as stated above.  The creditor to whom the debt is owed is U.S. Bank National Association, as Trustee for HEAT 2005-9. Unless, within thirty days of your receipt of this Notice, you notify Lerner, Sampson & Rothfuss that you dispute the validity of this debt or any portion of it, Lerner, Sampson & Rothfuss will assume the debt is valid.

If you notify Lerner, Sampson & Rothfuss in writing within thirty days of the receipt of this Notice that the debt or any portion thereof is disputed, Lerner, Sampson & Rothfuss will obtain a verification of the debt and will mail a copy of that verification to you. If U.S. Bank National Association, as Trustee for HEAT 2005-9 is not the original creditor, and if you make written


LSR200823933D1071P2400C9

**EXHIBIT**

4

request to Lerner, Sampson & Rothfuss within thirty days from the receipt of this notice, Lerner, Sampson & Rothfuss will provide you with the name and address of the original creditor.

This Notice pertains to your dealings with Lerner, Sampson & Rothfuss as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time within which you must answer a complaint or other court filing. You may soon receive, or you may have already received, a summons and complaint or other filing from the court. You must follow the instructions contained in the Court documents even if you dispute the validity or amount of the debt. The advice in this letter also does not affect my office's relations with the court. Lerner, Sampson & Rothfuss may file papers in the suit according to the court's rules and the judge's instructions.

If you did not sign the promissory note, we are not suggesting you are personally liable for the debt. In addition, if you have filed a bankruptcy, nothing contained in this letter is intended to suggest that you are personally liable for the debt. If you have questions about any of the material contained in this letter, we advise you to consult an attorney.

Lerner, Sampson & Rothfuss is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Very truly yours,
Lerner, Sampson & Rothfuss

April A. Brown
Attorney at Law