IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

U.S. Bank National Association,            Case No. 3:10CV555

       Plaintiff

v.                                                   ORDER

James M Adams, et al.,

       Defendants

      This action began as a foreclosure action filed by plaintiff U.S. Bank National Association (U.S. Bank) against defendant James M. Adams in the Erie County, Ohio, Court of Common Pleas. Adams filed a class action counterclaim against, *inter alia*, Wells Fargo Bank N.A. d/b/a/ America's Servicing Company (Wells Fargo). Wells Fargo removed the case to this court.

      Pending is Adams' motion for remand [Doc. 17]. For the reasons discussed below, the motion shall be granted.

**Background**

      On May 15, 2008, U.S. Bank filed a foreclosure action against Adams in the Erie County, Ohio, Court of Common Pleas. Adams subsequently filed for bankruptcy. After the bankruptcy proceeding finished, the case returned to state court to complete the foreclosure.

Adams responded to the foreclosure complaint on June 13, 2008, with an answer and a class action counterclaim against U.S. Bank and Intervale Mortgage Company for alleged wrongdoing in connection with the origination of the note and mortgage.

On March 1, 2010, with leave of court, Adams amended his answer and class action counterclaim to add Wells Fargo – the loan servicer – and the law firm of Lerner, Sampson and Rothfus – foreclosure counsel in the original action – as counterclaim defendants. Adams' class action counterclaim alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g *et seq.*

Wells Fargo removed the case to this court on March 15, 2010, citing 28 U.S.C. §§ 1441, 1446 and 1453.

**Discussion**

Adams contends that removal by Wells Fargo was improper because Wells Fargo, as an additional counterclaim defendant, is ineligible to remove this action. As such, Adams requests that I remand the action to state court.

Wells Fargo responds that: 1) its removal of the case as a counterclaim defendant was proper under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1453; and 2) independent of its removal under CAFA, it properly removed the case based on federal question jurisdiction, specifically § 1441(c).

The general removal statute, 28 U.S.C. § 1441(a), provides:

> (a) Except as otherwise provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this

> chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Section 1446 establishes the procedures for removal of a case under § 1441.

CAFA's removal provision, 28 U.S.C. § 1453(b), provides:

> A class action may be removed to a district court of the United States in accordance with Section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the state in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

### I. Removal by Counterclaim Defendants Under CAFA

The dispute over whether Wells Fargo could properly remove under CAFA rests essentially on the parties' disagreement about whom the word "defendant" in § 1453(b) encompasses. Adams argues that the word "defendant" must be read consistently with prior case law interpreting removal under § 1441 and means only the *original* defendant. Wells Fargo argues that the use of the word "*any*" in § 1453(b) means the statute should be interpreted to encompass additional counterclaim defendants.[1]

---

[1] As a preliminary matter, Wells Fargo is properly viewed as an additional counterclaim defendant. In a procedurally similar case, *Wells Fargo v. Gilleland*, 621 F. Supp. 2d 545, 547-48 (N.D. Ohio 2009), the court found that – where the original defendants in a case brought counterclaims against *both* the original plaintiff and new parties – those new parties were properly described as "counterclaim defendants." The court explained:

> [A] counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. *See* Fed. R. Civ. P. 13(a)(c). A counterdefendant need not also be a plaintiff. *See* Fed. R. Civ. P. 13(h). In light of the fact that LSR is not a co-party with Defendants, the claims asserted against LSR are properly termed counterclaims, making Defendants counterclaim plaintiffs and LSR a counterclaim defendant as to those claims. Most relevant to the issue before this Court is the determination that LSR is appropriately described as a "counterclaim defendant."

*Id.* at 548.

Courts are split on whether a counterclaim class action defendant may properly remove under CAFA, § 1453(b), and the Sixth Circuit has not addressed the issue.

The majority of courts hold that a counterclaim defendant *may not* remove under § 1453. *See Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 334-36 (4th Cir. 2008), *cert denied*, 129 S. Ct. 2826 (2009); *Capital One Bank v. Jones*, — F. Supp. 2d —, —, 2010 WL 1258110, *3-4 (N.D. Ohio); *Am. Gen. Fin. Servs. v. Griffin*, 685 F. Supp. 2d 729, 736 (N.D. Ohio 2010); *Gilleland*, *supra*, 621 F. Supp. 2d at 549; *Liberty Credit Servs. v. Yonker*, 2010 WL 2639903, *4 (N.D. Ohio); *see also First Bank v. DJL Props., LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (holding that counterclaim defendant *who was an original plaintiff* may not remove under § 1453(b)); *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007) (noting, in dicta, that counterclaim defendant *who was an original plaintiff* cannot remove under § 1453); *cf. Ford Motor Credit Co. v. Jones*, 2007 WL 2236618, *2-3 (N.D. Ohio) (holding that *cross-claim* defendant may not remove under § 1453).

One court within this district, *Deutsche Bank Nat'l Trust Co. v. Weickert*, 638 F. Supp. 2d 826, 829-830 (N.D. Ohio 2009), and a dissenting Fourth Circuit Judge, *Shorts*, *supra*, 552 F.3d at 339-342 (Niemeyer, J., dissenting), have held that a counterclaim defendant may not remove under CAFA.

The disagreement centers on the meaning of the word "any" preceding "defendant" in § 1453(b).

---

I agree with this analysis and find the same situation present here. Wells Fargo is an additional party joined to Adams' counterclaim against U.S. Bank. It is therefore a counterclaim defendant. I thus turn to the question of whether a counterclaim defendant may remove under § 1453(b).

The majority courts first explain that "any" can only modify the word "defendant" as that word had been previously defined by cases – as an *original* defendant. *See Jones*, *supra*, 2010 WL 1258110, * 3 (noting that "Congress's choice of a word with a settled legal meaning usually indicates its intent to adopt that meaning"); *see also First Bank*, *supra*, 598 F.3d at 917 ("If the drafters of the 2005 Act wanted to negate *Shamrock Oil*, they could have written 'defendant (including a counterclaim defendant)' or 'any party' . . . . But they chose the unadorned word 'defendant,' a word with settled meaning.").[2]

---

[2] The Supreme Court has held that a counterclaim defendant who was the original plaintiff in a case could not remove to federal court under § 1441's predecessor statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 103 (1941). Similarly, the Sixth Circuit has held that third-party defendants may not remove under § 1441. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-65 (6th Cir. 2002).

The Sixth Circuit explained in *Curry* that "defendant" in the context of § 1441 does not encompass third-party defendants. 301 F.3d at 462 (citing 16 MOORE'S FED. PRAC. § 107.11[1][b][iv] ("[T]hird-party defendants are not *defendants* within the meaning of the removal statute.") and 14C Wright, Miller & Cooper, FED. PRAC. & PROC. § 3731 ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court.")).

In reaching its conclusion, the court in *Curry* also noted that "[a]lthough *Shamrock Oil* is not dispositive of the precise issue before us, it does dictate that the phrase 'the defendant or the defendants' as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims." *Id.* at 462-63.

Thus, the word "defendant" as used in § 1441(a) means an *original* defendant. *Id.* Other courts have similarly concluded that the word "defendant" in that statute also does not include a counterclaim defendant. *See Shorts*, *supra*, 552 F.3d at 333 ("Thus, we easily conclude that an additional counter-defendant is not a "defendant" for purposes of § 1441(a)."); *Curry*, *supra*, 301 F.3d at 462-63 (noting that the American Law Institute has recommended that Congress "make[] clear what the present law merely implies: the right of removal applies only to the action as framed by the pleading that commences the action. Counterclaims, cross-claims, and third-party claims cannot be the basis for removal [under § 1441(a)]."); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990) ("But just as a third-party has no special rights to remove, neither does a non-plaintiff counterdefendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court [under § 1441(a)].").

5

As the *Jones* court noted, the maxim that Congress intends to use the settled meaning of words is particularly true "when [Congress] has shown elsewhere that it knows how to use a different word to extend the reach of removal statutes." 2010 WL 1258110, *4 (citing 28 U.S.C. § 1452(a) which allows removal in bankruptcy cases by "a *party*" (emphasis added)).

First, two circuit courts have analyzed the statute's use of the word "any" preceding "defendant." The Fourth Circuit explained:

> The statute's use of the word "any" to modify "defendant" does not alter our conclusion that additional counter-defendants may not remove under § 1453(b) because the use of the word "any" cannot change the meaning of the word "defendant." Likewise, § 1453(b)'s second use of the phrase "any defendant," i.e., "such action may be removed by *any defendant* without the consent of all defendants," § 1453(b) (emphasis added), eliminates the judicially-recognized rule of unanimous consent for removal; the use of the word "any" juxtaposed with the word "all" was intended to convey the idea of non-unanimity, not to alter the definition of the word "defendant."

*Shorts*, *supra*, 552 F.3d at 335-36.

Similarly, the Seventh Circuit explained:

> "Any" is inclusive, to be sure, but the word that it modifies remains "defendant" – which [plaintiff/counterclaim defendant] is not, under *Shamrock Oil*. "Any" appears twice. The function of the first "any" in § 1453(b) is to establish that § 1441(b), which provides that a home-state defendant can't remove a diversity suit, does not apply. (The context is: "without regard to whether any defendant is a citizen of the State in which the action is brought".) The function of the second "any" is to establish that a single defendant's preference for a federal forum prevails, notwithstanding *Martin*. (The context is: "except that such action may be removed by any defendant without the consent of all defendants".) Neither instance of the word "any" implies that "defendant" means something different in § 1441(b) and § 1453(b).

*First Bank*, *supra*, 598 F.3d at 917.[3]

---

[3] While I recognize that the court in *First Bank* addressed a situation where the counterclaim defendant was also the original plaintiff – not the situation before me – its interpretation of the statutory language of § 1453 is nonetheless applicable and persuasive.

The Seventh Circuit also explained that it "would make hash of Chapter 89" of the Judicial Code, 28 U.S.C. §§ 1441-53, to interpret the word "defendant" in § 1453 differently than courts have interpreted that word in §§ 1441 and 1446. *Id.*

Second, these courts explain that "the statutory structure corroborates" their conclusion that counterclaim defendants may not remove. *Jones*, *supra*, 2010 WL 1258110, *3. The statute begins by stating that "[a] class action may be removed to a district court of the United States *in accordance with* § 1446." § 1453(b) (emphasis added). It then "eliminates at least three of the traditional limitations on removal":

> (1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all defendants must consent to removal, *Chicago Rock Island & Pac Ry. v. Martin*, 178 U.S. 245, 248 (1900).

*Shorts*, *supra*, 552 F.3d at 331-32.

These courts explain that the fact that the statute references removal "'in accordance with section 1446' – which, under *Shamrock Oil* and *Curry*, does not allow removal by counterclaim defendants of any kind," supports the view that counterclaim defendants may not remove under CAFA. *Jones*, *supra*, 2010 WL 1258110, *3-4 ("It would be incoherent to read § 1453(b) to allow removal by counterclaim defendants according to the procedure of § 1446, which in turn does not allow them to remove at all."); *see also Yonker*, *supra*, 2010 WL 2639903, *4 ("[T]he fact that § 1453(b) contains a reference to § 1446 makes it even more difficult to accept the notion that the noun ["defendant"] carries a different meaning in each of these provisions.").

The opinions reaching a contrary result, on the other hand, reason that the word "any" in the statute means any party in the position of a defendant. Judge Neimeyer, in his dissent in *Shorts*, that

7

the use of "any defendant" in § 1453, in contrast with "the defendant or defendants" in § 1441, is indicative of Congress's broader purpose to expand federal jurisdiction through CAFA. 552 F.3d at 341-42. Another judge in this district agreed, stating: "The plain text of CAFA ["any defendant"], and the expressed congressional purpose in passing the statute, support this Court['s] conclusion that 28 U.S.C. § 1453(b) authorizes class-action defendants, joined by way of a counterclaim, to remove to federal court." *Weickert*, *supra*, 638 F. Supp. 2d at 830.

As the court in *Weickert* explained: "By enacting CAFA, Congress intended to open the federal courts to qualifying class actions; this clear intent eliminates the federalism concerns which animated the rule of construction that removal statutes be read narrowly." *Id.* at 830. Both *Weickert* and the dissent in *Shorts* explained that while the word "the" limits the word "defendant" in § 1441(a), the word "any" in § 1453(b) necessarily broadens it. *See Shorts*, *supra*, 552 F.3d at 340 (Neimeyer, J., dissenting); *Weickert*, *supra*, 638 F. Supp. 2d at 830.

The dissent in *Shorts* reasoned that the use of the word "any" was intended *both* to overrule the unanimous consent rule and broaden the definition of defendant. 552 F.3d at 339.

While it is true that Congress intended that CAFA expand federal jurisdiction over class actions, this expansion "was achieved, not by allowing removal by third-party defendants, crossclaim defendants, or counterclaim defendants, but by doing away with the nonaggregation rule and providing for minimal diversity." *Gilleland*, *supra*, 621 F. Supp. 2d at 549 (internal citation and quotation omitted); *accord Rodriguez v. U.S.*, 480 U.S. 522, 525-26 (1987) ("[N]o legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the essence of legislative choice – and it frustrates rather

than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.").

Having reviewed the cases and statutory language, I find the interpretation and reasoning of the majority cases more persuasive and conclude that § 1453(b) does not expand the ability to remove to counterclaim defendants. While Congress certainly could have been more clear, I agree with the Fourth Circuit that "[r]eading § 1453(b) to also allow removal by counter-defendants, cross-claim defendants and third-party defendants is simply more than the language of § 1453(b) can bear." *Shorts*, *supra*, 552 F.3d at 336.

Wells Fargo therefore lacked authority to remove under § 1453(b).

## II. Federal Question Jurisdiction

Wells Fargo argues that even if CAFA does not permit it to remove, it properly removed the case under § 1441(c) because the claims against it are "separate and independent."

Adams responds that federal question jurisdiction cannot be established by a counterclaim.

Section § 1441(c) states that:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all maters in which State law predominates.

Wells Fargo expends significant effort arguing that the counterclaim between itself and Adams is "separate and independent" under the statute.

The Sixth Circuit's decision in *Curry*, however, speaks directly to Wells Fargo's contention that it should be able to remove under § 1441(c). The court in *Curry* interpreted the word "joined" in the statute:

9

> Given the language of the statute and the rule that removal statutes are to be construed narrowly, we reject the view that 'joined,' as used in § 1441(c), should be interpreted broadly and conclude instead that it should be interpreted narrowly to apply *only to claims joined by the plaintiff in the original state action*.

301 F.3d at 465 (emphasis added); *see also Sutton Bank v. Kliner*, 2010 WL 1416925, *2 (N.D. Ohio 2010) (noting that "the Sixth Circuit has limited applicability of [§ 1441(c)] to 'claims *joined by the plaintiff* in the original state court action'" (quoting *Curry*, *supra*, 301 F.3d at 465)).

While *Curry* itself involved third-party defendants and not counterclaim defendants, this portion of *Curry*'s holding speaks to interpretation of the language of § 1441(c) and thus is equally applicable in the instant case.[4]

As such, Wells Fargo could not properly remove under § 1441(c), because the claims against it are not "joined" as that word is used in § 1441(c).

## Conclusion

For the foregoing reasons, it is hereby:

---

[4] Wells Fargo argues that *Curry* is inapplicable because "*Curry* involved third party defendants[,] . . . not additional counterclaim defendants" and "[t]hat distinction was the basis for its holding." [Doc. 24, at 13]. This is, however, incorrect.

Although as Wells Fargo points out, *Curry* noted that "most, if not all" claims against third-party defendants "will not satisfy the 'separate and independent requirement' of § 1441(c)[,]" 301 F.3d at 465, this was not necessary to the court's holding. Rather, the court stated:

> Given the language of the statute and the rule that removal statutes are to be construed narrowly, we reject the view that "joined," as used in § 1441(c), should be interpreted broadly and conclude instead that it should be interpreted narrowly to apply only to claims joined by the plaintiff in the original state court action.
>
> *Although our conclusion on this issue is based on our construction of the statute itself*, we note that, in most, if not all, cases, third-party claims will not satisfy the "separate and independent" requirement of § 1441(c).

*Id.* at 465 (emphasis added).

ORDERED THAT: defendant Adams' motion to remand [Doc. 17] be, and the same hereby is granted.

So ordered.

s/James G. Carr  
U.S. District Judge